UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANDREW DANIELS, | ) | CASE NO. 1:08 CV 2195 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| NATIONAL CITY BANK, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendant. | ) | |

On September 15, 2008, pro se plaintiff Andrew Daniels filed the above-captioned in forma pauperis action against National City Bank (NCB) pursuant to "TITLE 12, of the US Code TITLE 42, of the Code the 4th, 6th and 14 the Amendments of the Constitution." (Compl. at 1.) Mr. Daniels seeks to enjoin defendant from taking money from his checking account without notice. He further seeks $150,000.00 in damages.

*Background*

Mr. Daniels describes himself as the sole named holder of a checking account with National City Bank. On or about August 14, 2008 he received a letter from NCB indicating that a debit of $400.00 was received by the bank, but there were insufficient funds in his account to cover

the debit. As a result, an overdraft fee of $36.00 was charged to plaintiff's checking account. Thereafter, he was charged $8.00 for each day his account remained in overdraft status.

On August 15, 2008, Mr. Daniels contacted National City and presented a "withdrawal slip dated June 16, 2008 and yet it was not executed until August 12, 2008." (Compl. at ¶ III.) He explained that another person's driver's license was on the withdrawal slip "and the signature in no the way I sign my name." (Compl. at ¶ III.) When Mr. Daniels asked NCB to reimburse him for this allegedly unauthorized withdrawal, the bank complied.

Mr. Daniels asserts that from August 12, 2008 until August 28, 2008 his checking account was "locked down" or "blocked" by National City Bank. He opines that this violated his civil and constitutional rights under the 14th Amendment to "live safe and secure in the community in which I live and not to be embarrassed by National City Bank." (Compl. at ¶ VIII.)

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Failure to State a Claim*

The centerpiece of Mr. Daniels's complaint is that he was "blocked" from using his account for six days. This six day period was also after he allegedly presented evidence of an

unauthorized withdrawal from his checking account and the funds were restored. He does not explain National City's response to any protest he made as a result of this alleged "block."

On September 12, 2008, the defendant "did take the same money from my account without notice to me totally in violation of my civil and constitutional rights . . . because I was an Afro-American they simply did not care." (Compl. at ¶VI.)

### *Civil Rights Violation*

It is not sufficient to sustain jurisdiction when a pleading merely asserts that the conduct complained of violates the plaintiff's constitutional rights. A complaint must set forth facts from which the court can see that such rights have been violated. There must be a 'federal question, not in mere form, but in substance, and not in mere assertion, but in essence and effect.' Cuyahoga River Power Co. v. Northern Ohio T. & L. Co., 252 U.S. 388, 397(1920).

Here, Mr. Daniels does not give the court the benefit of citing what section of Title 42 the defendants have allegedly violated. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). Therefore, Mr. Daniels has failed to state a cognizable claim that his civil rights were violated.

With regard to the overdraft fee, the Truth-In-Savings law mandates that a bank "shall maintain a schedule of fees, charges, interest rates, and terms and conditions applicable to each class of accounts offered by the depository institution, in accordance with the requirements of this section and regulations which the Board shall prescribe." 12 U.S.C. § 4303. The allegations do not assert

3

that National City failed to maintain the overdraft fee taken from Mr. Daniels's account in accordance with the aforementioned section or with the applicable federal regulations.

Moreover, 12 C.F.R. § 7.4002, provides that "[a] national bank may charge its customers non-interest charges and fees, including deposit account service charges. The amount of the fee and charges as well as the method of calculating them are business decisions to be made by each bank, in its discretion, based upon sound banking principles. 12 C.F.R. § 7.4002(b)(1)-(2). Mr. Daniels alleges that the bank had no authority to charge him a fee without notice. Federal law clearly allows National City to make charges and fees against its customers. Under federal law, the bank had the authority to charge his account without permission when Mr. Daniels failed to keep his account current.

The request to proceed in forma pauperis is granted. Because, however, there is no factual circumstance under which Mr. Daniels could recover based upon the allegations in his complaint, his complaint is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*/s/ Donald C. Nugent* 10/20/08
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.